## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLORADO
**Honorable Michael E. Romero**

| | | |
|---|---|---|
| In re: | ) | |
| CHANG YOON | ) | |
| S.S. #XXX-XX-2202 | ) | Case No. 05-49744 MER |
|                Debtor | ) | Chapter 7 |
| _____ | ) | |
| | | |
| SUN AE MYUNG | ) | |
|                Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| vs. | ) | |
| | ) | No. 06-            MER |
| CHANG YOON | ) | |
|                Defendant. | ) | |

## COMPLAINT TO DENY DISCHARGEABILITY OF DEBT
### PURSUANT TO 11 U.S.C. §§ 523(a)(4) and (6)

Plaintiff, Sun Ae Myung (Myung), by and through her attorney, David S. Oppenheim & Associates, P.C., files this complaint, pursuant to 11 U.S.C.§§ 523(a)(4) and (6) to deny the Debtor's dischargeability of the debt to Myung. In support thereof, the Plaintiff states as follows:

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1334, and 28 U.S.C. §157 because the Defendant's bankruptcy case is pending in the United States Bankruptcy Court for the District of Colorado and because this action is a proceeding arising in a case under Title 11. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §157 and is brought pursuant to 11 U.S.C. §523 and Bankruptcy Rules 4007 and 7001 seeking to determine dischargeability of particular debts and for judgment.

2. Venue in this proceeding is proper in the United States Bankruptcy Court for the District of Colorado pursuant to 28 U.S.C. § 1409 because it arises in and is related to the Defendant's pending case under Title 11.

### NATURE OF THE ACTION

3. Myung brings this action to object to Debtor's discharge of monies taken by Debtor, as more fully set forth below and in the attachments and exhibits hereto. Myung will show fraud, larceny and willful and malicious actions by the Debtor to deprive her of her property. Denial of the Debtor's discharge of his debt to Myung pursuant to 11 U.S.C. §524 is appropriate pursuant to 11 U.S.C. §§ 523(a)(4) and (6).

1

## CHRONOLOGICAL STATEMENT OF FACTS

4.      On or about November 18, 2004, Defendant Yoon and Plaintiff Myung entered into an Agreement, a copy of which is attached hereto as Exhibit A to the Verified Complaint, Exhibit 1, attached hereto and made a part hereof.

5.      That such Agreement (Ex. A) provided in part for the purchase of twenty-five percent (25%) of Yoon Rehab & Physical Therapy, Inc., for which Young Cho Myung paid $75,000.00, Young Cho Myung being the mother of the Plaintiff.

6.      That on or about January 20, 2005, Yoon, along with Artem Aylyarov entered into an agreement with Plaintiff for the purchase of fifty percent (50%) of Yoon Rehab & Physical Therapy, Inc., a copy of which is attached hereto as Exhibit B to the Verified Complaint, Exhibit 1, attached hereto and made a part hereof.

7.      That such Agreement (Ex. B) called for the payment of $75,000.00 by Plaintiff to Defendant Yoon, and a payment of $75,000.00 by Plaintiff to Sung Jae Myung, Plaintiff's father.

8.      The parties had agreed that Plaintiff would own fifty percent (50%) of Yoon Rehab & Physical Therapy, Inc., would be appointed director of same, officer of same, and that Plaintiff would receive a minimum of $10,000.00 per month dividends as a result of such investment.

9.      Defendant Yoon further represented that Yoon Rehab & Physical Therapy, Inc. was licensed by Medicare, a federal agency, that he was a licensed physical therapist, also licensed by Medicare, and that such clinic made sufficient funds so as to employ Plaintiff's father and pay dividends to Plaintiff in the minimum amount of $10,000.00 per month.

10.     Upon information and belief, Defendant Yoon, upon receipt of such $150,000.00, traveled to Las Vegas and gambled away such $150,000.00 thus resulting in a loss to Yoon Rehab & Physical Therapy, Inc., to the extent that it could not pay payroll, suppliers, lease payments and other related business expenses.

11.     Upon information and belief, Defendant Yoon closed down Yoon Rehab & Physical Therapy, Inc., and transferred all assets of Yoon Rehab & Physical Therapy, Inc. to a newly developed corporation which was incorporated by Eun Hee Hong (hereinafter referred to as "Hong"), the wife or otherwise girlfriend of Defendant Yoon.  Such corporation was formed in the name of JS Medical Center, Inc. by Defendant Hong for which the Defendants Yoon, caused the transfer of all assets of Yoon Rehab & Physical Therapy, Inc. into JS Medical Center, Inc. for which Plaintiff was deprived of her investment as a result of such fraudulent transfer, and resulted in damage to Plaintiff in an amount to be determined at trial, however, believed to be in excess of $150,000.00.

12.     Defendant Yoon, immediately prior to entering into the Agreements (Exs. A and B), had represented to Plaintiff the following:

>      a.      That Yoon Rehab & Physical Therapy, Inc. was a successful corporation of which Chang G. Yoon owned 50% and Artem Aylyarov owned 50%; and

2

  b. That Yoon Rehab & Physical Therapy, Inc. was a successful business, serving primarily the Korean community, which was licensed by the federal government for Medicare and Medicaid and for which Defendant Yoon was a licensed physical therapist recognized by the federal agencies for which they could receive federal funding; and

  c. That Yoon Rehab & Physical Therapy, Inc. was in good standing with all federal and state agencies; and

  d. That upon the investment of $150,000.00, such funds would go into further development of Yoon Rehab & Physical Therapy, Inc. for the benefit of Yoon Rehab & Physical Therapy, Inc.; and

  e. That upon such investment, the Plaintiff would receive a minimum of $10,000.00 per month dividends from Yoon Rehab & Physical Therapy, Inc., would be an officer and director of Yoon Rehab & Physical Therapy, Inc., would have access to all of the books and records, including all financial information of the corporation, Yoon Rehab & Physical Therapy, Inc. throughout the time of such investment; and

  f. That Yoon would remain with Yoon Rehab & Physical Therapy, Inc. as a manager and the licensed therapist through July 31, 2005; and

  g. That Plaintiff's father would be employed by Yoon Rehab & Physical Therapy at a monthly salary of Five Thousand Dollars & No/100 ($5,000.00) per month.

13. Defendant Yoon knew at the time he made the foregoing representations, the foregoing representations were false, and knew at the time of making such representations that Plaintiff would rely upon such representations to Plaintiff's detriment and such representations were false and known to be false at the time they were made by Defendant Yoon to Plaintiff, and further that Defendant Yoon intended to commit larceny of the funds, and did so with the willful and malicious intent to injure the Plaintiff, resulting in damages to the Plaintiff in an amount to be determined at trial.

## CAUSES OF ACTION

## COUNT 1

## 11 U.S.C.§§ 523(a)(4)

14. Plaintiff re-alleges the facts contained in paragraphs 1 – 13, as if fully set forth herein.

15. Section 523(a)(4) denies discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) for any debtor for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

16. Defendant Yoon knew at the time he made the representations as set forth above to the Plaintiff that they were false, and knew at the time of making such representations that Plaintiff would rely upon such representations to Plaintiff's detriment.

17. Defendant Yoon intended to commit a fraud or defalcation while acting in the fiduciary capacity of holding the funds to invest in Yoon Rehab & Physical Therapy, Inc. for Plaintiff and that they would not be used for their intended purpose.

18. It is clear from Defendant Yoon's actions at the time he made these false statements, and subsequent thereto, that the statements were made with an intent to commit fraud or defalcation while acting in the fiduciary capacity.

19. Defendant Yoon intended to commit larceny of the funds and to gamble them away, and that they would not be used for their intended purpose.

20. It is clear from Defendant Yoon's actions at the time he made these false statements, and subsequent thereto, that the statements were made with intent to commit larceny of said funds.

## COUNT 2

## 11 U.S.C.§ 523(a)(6)

21. Plaintiff re-alleges the facts contained in paragraphs 1 – 20 as if fully set forth herein.

22. 11 U.S.C. §523(a)(6) denies Debtor's discharge if money or services were obtained through willful and malicious injury to another entity or to the property of another entity. This provision includes a willful and malicious conversion.

23. Defendant Yoon willfully and maliciously converted funds from Plaintiff, and he did so willfully and with the malicious intent to cause injury to Plaintiff.

24. The various statements and promises related to the money Defendant Yoon took from Plaintiff were volitional, deliberate and calculated to induce Myung to give money that Defendant Yoon had no intent to invest as he had promised.

25. Defendant Yoon willfully and with malice intended to take the funds and to gamble them away, and that they would not be used for their intended purpose, and to cause injury to the Plaintiff.

26. It is clear from Defendant Yoon's actions at the time he made the false statements to Plaintiff, and subsequent thereto, that the statements were made willfully and with malice and to cause injury to the Plaintiff.

WHEREFORE, Plaintiff prays for an Order from this Court denying the discharge of the debt owed to Plaintiff by Debtor/Defendant Yoon pursuant to 11 U.S.C.§523(a)(4) and (6), and for such other and further relief as this Court may deem appropriate.

Respectfully submitted this 12th day January of 2006.

          DAVID S. OPPENHEIM & ASSOCIATES, P.C.

          ___/s/ David S. Oppenheim_____
          David S. Oppenheim, A.R. #11004
          7700 E. Arapahoe Road, Ste. 350
          Centennial, CO  80112-6111
          Telephone: 303-773-8189
          Facsimile: 303-773-8187
          Email: dso@dsolaw.com
          Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of January 2006, I placed a true and correct copy of the foregoing COMPLAINT TO DENY DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C.§§ 523(a)(4) and (6)  in the U.S. mail, first class postage prepaid, addressed to the following:

Jon S. Nicholls, Esq.
Chapter 7 Trustee
1725 Gaylord Street, Ste. 100
Denver, CO 80206

United States Trustee
999 18th Street, Ste 1551
Denver, CO  80202

Phillipp C. Theune, Esq.
1775 Sherman Street, 31st Floor
Denver, CO  80203-1100

Chang Yoon
18363 E. Caspian Place
Aurora, CO  80013-5907           _/s/ Gloria Stoldt_____

5